UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LIONEL VELASQUEZ,

    Plaintiff,

vs.

MIAMI VISTA PROPERTIES, INC., a Florida profit corporation, FORTEZZA FAMILY PROPERTIES, LLC, a Florida limited liability company, and ANDREW LUDWIG, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff LIONEL VELASQUEZ ("Velasquez" or "Plaintiff"), who was an employee of Defendants MIAMI VISTA PROPERTIES, INC., a Florida profit corporation, FORTEZZA FAMILY PROPERTIES, LLC, a Florida limited liability company, and ANDREW LUDWIG, an individual (together, "Defendants"), and files this Complaint for unpaid minimum and overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, for breach of contract for unpaid wages and attorney's fees and costs under Florida law and Fla. Stat. § 448.08, and for breach of contract and unjust enrichment.

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Defendants' restaurant operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

3. This Court has supplemental jurisdiction over Plaintiff's Florida state and common law claims pursuant to 28 U.S.C § 1367(a).

## II.     PARTIES

4. Plaintiff Velasquez is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was at all times a salaried, non-exempt employee of Defendants MIAMI VISTA PROPERTIES, INC., FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant MIAMI VISTA PROPERTIES, INC. ("Miami Vista") is a Florida profit corporation that employed Plaintiff located at 1504 Bay Road, Suite 3010, Miami Beach, Miami-Dade County, Florida.

6. Defendant FORTEZZA FAMILY PROPERTIES, LLC ("Fortezza") a Florida limited liability company that employed Plaintiff located at 1504 Bay Road, Suite 3010, Miami Beach, Miami-Dade County, Florida.

7. Defendant ANDREW LUDWIG ("Ludwig"), an individual and *sui juris*, is a manager and owner of Miami Vista and Fortezza (together, the "Employing Entities"). Ludwig acted directly and indirectly in the interest of the Employing Entities and had the power to direct employees' actions. Ludwig had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at the Employing Entities in accordance with

2

the FLSA, and therefore the FMWA, making Defendant Andrew Ludwig an employer pursuant to 29 USC § 203(d).

### III. COVERAGE

8. During all material times, Defendant Miami Vista was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During all material times, Defendant Fortezza was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant Miami Vista was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendant Fortezza was an employer as defined by 29 U.S.C. § 203(d).

12. During all material times, Defendant Ludwig was an employer as defined by 29 U.S.C. § 203(d).

13. During all material times, Defendants Miami Vista and Fortezza had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### IV.   FACTUAL ALLEGATIONS

14. Defendant Andrew Ludwig owns and operates Miami Vista and Fortezza, at which Velasquez was employed, both of which are located in Miami-Dade County, Florida.

15. During the Relevant Time Period, the applicable Florida minimum wage was $8.05 per hour in 2016 and $8.10 per hour in 2017.

16. During the Relevant Time Period, the applicable minimum overtime wage was $12.075 per hour in 2016 and $12.15 per hour in 2017.

17. Velasquez was employed by Defendants in construction and property maintenance during the period from June, 2016 through March, 2017, approximately.[1]

18. Velasquez was hired at the rate of $750 per week for a forty-hour workweek.

19. From June, 2016 through December, 2016, Velasquez worked an average of 50 hours per week but was never paid his overtime wages earned.

20. From January through March, 2017, a period of 12 weeks, Velasquez worked an average of 50 hours per week but Defendants did not pay him any wages or salary at all.

21. Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

22. Although Velasquez has repeatedly sought his pay, Defendants have willfully refused to pay Plaintiff his last 12 weeks' pay.

---

[1] Velasquez worked for Defendant Ludwig previously in information technologies. Velasquez is not claiming damages in this suit for this previous work.

4

23. In addition, Defendant Ludwig breached his promise to reimburse Velasquez approximately $1,700 for repairs made to Defendants' work truck.

24. In addition, Defendant Ludwig breached his promise to reimburse Velasquez approximately $1,700 for medical bills for an injury incurred in Defendants' employ.

25. Thus, this action is brought against Defendants pursuant to the FLSA for unpaid minimum and overtime wages; pursuant to Florida law for breach of contract for unpaid wages and Fla. Stat. § 448.08 for attorney's fees and costs; and for unjust enrichment for monies paid by Plaintiff for work-related injuries and repairs to Defendants' work truck.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

27. Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

28. From January, 2017 through March, 2017, Defendants suffered or permitted Plaintiff to work in their employ without paying him any wages at all.

29. Despite repeated requests, Defendants have willfully and intentionally refused to pay Plaintiff any wages for these hours worked.

30. By suffering or permitting Plaintiff to work without pay for a period of approximately 12 weeks, Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week for twelve weeks.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff LIONEL VELASQUEZ demands judgment in his favor and against Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq* – <u>NO WAGES PAID</u>

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

32. From January, 2017 through March, 2017, Defendants suffered or permitted Plaintiff to work in their employ without paying him any wages at all.

33. Despite repeated requests, Defendants have willfully and intentionally refused to pay Plaintiff any wages for these hours worked.

34. Plaintiff was a non-exempt employee of Defendants.

35. Throughout this 12-week period, Plaintiff worked in excess of forty hours per workweek.

36. By suffering or permitting Plaintiff to work in excess of forty hours per workweek without pay for a period of approximately 12 weeks, Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff LIONEL VELASQUEZ demands judgment in his favor and against Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty hours per week at one-and-a-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at one-and-a-half times his regular rate of pay;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq* – SALARIED NON-EXEMPT

37. Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

38. From June, 2016 through December, 2016, Defendants suffered or permitted Plaintiff to work in their employ as a salaried, non-exempt employee.

39. Plaintiff's salary was $750 per week for a 40-hour week.

40. Throughout this period, Plaintiff regularly worked in excess of forty hours per workweek.

41. Defendants have never paid Plaintiff for hours worked in excess of forty hours per workweek.

42. By suffering or permitting Plaintiff to work in excess of forty hours per workweek while working on salary as a non-exempt employee, Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG owe Plaintiff overtime wages for each hour worked in excess of forty hours in a week.

WHEREFORE, Plaintiff LIONEL VELASQUEZ demands judgment in his favor and against Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked, while on salary, in excess of forty hours per week at one-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked, while on salary, in excess of forty hours per week at one-half times his regular rate of pay;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT IV
## BREACH OF ORAL EMPLOYMENT CONTRACT

43. Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

44. Plaintiff and Defendants entered into an oral employment contract.

45. Pursuant to the Agreement, Defendants were to pay Plaintiff $750.00 per week for a forty-hour workweek.

46. An essential term of the employment contract was that Defendants would pay Plaintiff according to the terms of the Agreement.

47. Defendants have breached the Agreement by willfully failing to pay Plaintiff the wages owed for a 12-week period from January, 2017 through March, 2017.

48. Plaintiff has been damaged due to Defendants' breach of the Agreement.

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

49. Pursuant to Fla. Stat. § 448.08, Plaintiff requests reasonable attorney's fees and costs prevailing in this action for unpaid wages.

WHEREFORE, Plaintiff LIONEL VELASQUEZ demands judgment in his favor and against Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, jointly and severally, as follows:

   a) Award to Plaintiff of all unpaid compensation owed;
   b) Award to Plaintiff of prejudgment interest;
   c) Award to Plaintiff of attorney's fees and costs under Fla. Stat. § 448.08;
   d) Award to Plaintiff of other such and further relief as this Court may deem appropriate.

## COUNT V
## UNJUST ENRICHMENT

50. Plaintiff reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

51. Plaintiff paid for damages incurred to Defendants' work truck and for doctor's bills for injuries occurring at the workplace.

52. Plaintiff has conferred a benefit on the Defendant, who has knowledge thereof.

53. Defendant voluntarily accepted and retained the benefit conferred.

54. The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to Plaintiff the value of the benefit.

55. Defendant has been unjustly enriched at the expense of Plaintiff.

56. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment, including the disgorgement of all monies unlawfully accepted by Defendant from Plaintiff.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff LIONEL VELASQUEZ demands monetary damages against Defendants MIAMI VISTA PROPERTIES, LLC, FORTEZZA FAMILY PROPERTIES, LLC, and ANDREW LUDWIG, jointly and severally, for unjust enrichment and such other relief this Court deems just and proper, as follows:

a) Award to Plaintiff of all payment(s) made by Plaintiff to fix Defendant's work truck;

b) Award to Plaintiff of all payment(s) made by Plaintiff for injuries incurred at Defendant's workplace;

c) Award to Plaintiff of prejudgment interest;

d) Award to Plaintiff of attorney's fees and costs under Fla. Stat. § 448.08;

e) Award to Plaintiff of other such and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of May, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 10, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

11

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808